# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOE HARTSOCK, ) | |
|       Petitioner, ) | |
| v. ) | No. 1:07-cv-100-SEB-JMS |
| STANLEY KNIGHT, Superintendent, ) | |
|       Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Joe Hartsock, a state prisoner, seeks a writ of habeas corpus with respect to a prison disciplinary hearing conducted on October 26, 2005, wherein he was found guilty of gambling or possession of gambling paraphernalia.

Whereupon the court, having read and considered such petition, and being duly advised, now finds that the action must be dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* This conclusion rests on the following facts and circumstances:

      1.      Hartsock is a state prisoner who seeks a writ of habeas corpus with respect to the disciplinary proceeding described above. He was sanctioned with a 2-week loss of telephone and commissary privileges. Although these sanctions have long since been completed, the disciplinary violation is part of Hartsock's institutional record.

      2.      A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). When a sanction does not include a deprivation of this nature, however, no such review is required, because the inmate cannot satisfy the "in custody" requirement of the federal habeas statute. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

        3.      In this case, as noted, Hartsock was sanctioned with relatively minor sanctions. These sanctions did not constitute a deprivation of sufficient severity to support the "in custody" requirement discussed above. Being subject to conditions in which certain privileges have been withdrawn or withheld for a period of two (2) weeks, even if the result of discipline, does not necessarily constitute the loss of a protected liberty interest. *Sandin v. Conner,* 115 S. Ct. 2293, 2300 (1995). The sanctions imposed on Hartsock in the challenged proceeding did not result in the loss of a protected liberty interest, *id.,* and hence did not result in the imposition of custody sufficient to support a petition for a writ of habeas corpus. Based on these circumstances, which are plain from the face of Hartsock's petition, his petition for a writ of habeas corpus must be denied and this action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/29/2007

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana